**United States District Court**
**Southern District of New York**

———————————————————————

UNITED STATES OF AMERICA

      - against -                      06 Cr. 143 (JGK)

WILLIAM RIGMAIDEN,             <u>MEMORANDUM OPINION AND</u>
                                           <u>ORDER</u>
                     **Defendant.**

———————————————————————

**JOHN G. KOELTL, District Judge:**

The defendant has submitted two motions. The first seeks a two-point reduction to his guidelines sentencing range, while the second appears to seek assessment by the Bureau of Prisons for prerelease custody under 18 U.S.C. § 3624(c).

The Court construes the defendant's first motion as a motion under 18 U.S.C. § 3582 to apply Amendment 706 to the Sentencing Guidelines, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to provide a two-level reduction in the base offense levels for crack cocaine offenses. However, the defendant was convicted of a conspiracy to distribute and possess with intent to distribute marijuana; he was not convicted of any offenses relating to crack cocaine. Amendment 706 has no effect on the guidelines applicable to marijuana offenses.

1

The defendant's first motion also refers to structural

issues associated with prosecutorial discretion.  It does not,

however, allege any flaws specific to the defendant's

prosecution or sentence or identify any basis for recalculating

his guidelines sentencing range or his actual sentence.

Accordingly, the defendant has not presented any ground for

reconsidering his sentence.

The defendant's second motion appears to seek application

of 18 U.S.C. § 3624(c), which requires that the Bureau of

Prisons "to the extent practicable, ensure that a prisoner

serving a term of imprisonment spends a portion of the final

months of that term (not to exceed 12 months), under conditions

that will afford that prisoner a reasonable opportunity to

adjust to and prepare for the reentry of that prisoner into the

community."  This statute is left to the discretion of the

Bureau of Prisons in the first instance.  See Rosenthal v.

Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ("Federal

inmates who seek to challenge the conditions of their

confinement must first utilize the Administrative Remedy Program

('Program') developed by the BOP."); see also 28 C.F.R. §§

542.10-.19.  The defendant has not indicated whether he has

exhausted his administrative remedies.  Moreover, he does not

suggest in any way that the Bureau of Prisons has failed to

follow 18 U.S.C. § 3624 or the regulations promulgated

thereunder.   Accordingly, his motion is denied without

prejudice.

**SO ORDERED.**

Dated:    **New York, New York**
              **June 12 , 2011**

                                  **John G. Koeltl**
                       **United States District Judge**